# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 24, 2026

| | | |
|---|---|---|
| COLLEEN ALTHAUS, Petitioner, | * | UNPUBLISHED |
| | * | No. 18-1868V |
| v. | * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | Attorneys' Fees and Costs. |

Mark Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner
Gabrielle Fielding, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 6, 2018, Colleen Althaus ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she developed "vaccine-induced vertigo, autoimmune cerebellar visual disturbance, cerebellar visual disorder/atrophy, post vaccination downbeat nystagmus, and post vaccinal encephalitis caused-in-fact, . . . or in the alternative, significantly aggravated by" an influenza ("flu") vaccination administered on December 8, 2015. Petition at Preamble (ECF No. 1). On February 10, 2026, the undersigned issued a decision dismissing Petitioner's case. Decision dated Feb. 10, 2026 (ECF No. 123).

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 18, 2026, Petitioner filed an application for attorneys' fees and costs. Petitioner's Motion for Attorney Fees and Costs ("Pet. Mot."), filed May 18, 2026 (ECF No. 127). Petitioner requests compensation in the amount of $72,225.29, representing $68,150.25 in attorneys' fees and $4,075.04 in costs. Id. at 4; Pet. Mot, Exhibit ("Ex.") A at 1, 44. Respondent filed his response on May 22, 2026, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" but noting issues with Petitioner's request. Respondent's Response to Pet. Mot.("Resp. Response"), filed May 22, 2026, at 2 (ECF No. 130). Petitioner filed a reply, reiterating her request. Pet. Reply to Resp. Response, filed May 22, 2026 (ECF No. 131). The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Mark Sadaka, $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, $444.00 per hour for work performed in 2021, $458.00 per hour for work performed in 2022, $482.00 per hour for work performed in 2023, $532.00 per hour for work performed in 2024, $562.00 per hour for work performed in 2025, and $590.00 per hour for work performed in 2026. Petitioner also requests rates between $155.50 and $229.00 per hour for work of her counsel's paralegals from 2018-2026.

The undersigned finds the rates are reasonable and consistent with what counsel has previously been awarded for their Vaccine Program work. The undersigned will therefore award the above rates in full.

However, the undersigned finds a reduction in billable hours appropriate for the following reasons. In February 2023, an entitlement hearing was requested and thereafter set for November 5-7, 2024. On September 10, 2024, when the case had been set for a hearing for over a year, Petitioner filed a status report requesting that the upcoming November 2024 hearing be bifurcated to allow Petitioner the opportunity to provide a new expert report from an immunologist. On September 11, 2024, Respondent filed a response objecting to the bifurcation of the hearing, and to a new expert and expert report. At a status conference on September 17, the undersigned denied Petitioner's request to bifurcate the hearing, explaining that Petitioner was on notice of immunologic issues since 2021. Given that Petitioner had been on notice of immunologic issues for three years, it would be unfair, unreasonable, and an inefficient use of the Court's time to bifurcate the entitlement hearing to add a new immunologist less than two months before the hearing. Petitioner was instructed of the options: (a) If Petitioner would like to file a new expert report from an immunologist, the November 5-7, 2024 entitlement hearing would be cancelled and the case would be submitted for a ruling on the record; or (b) if Petitioner would like to proceed with the November 2024 entitlement hearing, Petitioner will not be allowed to file a new expert report. On September 27, 2024, Petitioner filed a status report requesting the matter proceed with the November 2024 entitlement hearing. A prehearing conference occurred October 22, 2024. Shortly thereafter, that same day, Petitioner filed a status report stating Petitioner's expert was no longer able to attend the hearing "due to an increase in his clinical hours;" Petitioner requested the hearing be rescheduled.

This was not the only case where counsel requested that a hearing be postponed or cancelled. During a status conference on October 24, 2024, the undersigned cancelled the

hearing as this was the third case of counsel's, within the span of one year, where he requested a cancellation or rescheduling of a hearing within a short period of time before said hearing, such that no other hearing in another case could be set.

The time spent setting, moving, rescheduling, and cancelling hearings, and holding pre-hearing conferences prior to hearings that did not occur, particularly without extraordinary circumstances, is not justified given that the Office of Special Masters has a heavy docket, and parties in other cases are waiting for hearings. Moreover, the actions by counsel described above resulted in unwarranted fees for cancelling and rescheduling the hearing, due to lack of planning by counsel, as well as the failure to timely notify or contact Petitioner's expert to verify they could attend the hearing.

For these reasons, the undersigned finds it appropriate to reduce fees by 10%. This results in a reduction of **$6,815.02**.[3]

Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and largely supported with appropriate documentation. However, a total of **$14.34**[4] was not substantiated and thus will be reduced from the total award.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

**Accordingly,**

**Petitioner is awarded attorneys' fees and costs in the total amount of $65,395.93, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] $68,150.25 x 0.10 = $6,815.025. The undersigned rounded down.

[4] These entries are dated March 12, 2028, March 26, 2018, and June 21, 2018.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.